UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH QUEEN,<br><br>    Plaintiff,<br><br>v.<br><br>HELAL FARHAT in his individual and official capacities, STATE OF MICHIGAN,<br><br>    Defendants. | Case No. 25-10444<br>Honorable Laurie J. Michelson |

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION [12]**

On February 14, 2025, Joseph Queen filed this *pro se* civil rights case against state judge Helal Farhat and the State of Michigan, claiming that Judge Farhat violated his due process rights, among others, during his adjudication of Queen's child custody dispute in Wayne County Circuit Court. (ECF No. 1.) Shortly after, Judge Farhat filed a motion to dismiss, arguing he was entitled to absolute judicial immunity and that the *Rooker-Feldman* doctrine requires dismissal of the case. (ECF No. 8.) Queen responded (ECF No. 9) and then filed an emergency motion for a preliminary injunction (ECF No. 12). Two days later, the State of Michigan also filed a motion to dismiss. (ECF No. 13.)

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC*, 958 F.3d

532, 539 (6th Cir. 2020) (citation omitted); see also *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 404 (6th Cir. 2024) ("The issuance of a preliminary injunction is the exception, rather than the rule."). In evaluating whether to grant preliminary injunctive relief, the Court must consider and balance four factors: (1) the plaintiff's likelihood of success on the merits, (2) whether the plaintiff will suffer irreparable injury without an injunction, (3) whether granting the injunction will cause substantial harm to others, and (4) whether the public interest would be served by the injunction. *See S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017). The Sixth Circuit has "cautioned that these are factors to be balanced, not prerequisites to be met. At the same time, however, [it has] also held that '[a] preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.'" *Id.* (second alteration in original) (citation omitted).

Both Defendants here have filed motions to dismiss that reveal Queen does not have a likelihood of success on the merits. Indeed, the motions suggest the Court may not even have jurisdiction to adjudicate the case. Accordingly, the Court will DENY Queen's emergency motion for a preliminary injunction WITHOUT PREJUDICE to refiling after the Court rules on the pending motions to dismiss and determines whether it has jurisdiction to hear the case. Aware of Plaintiff's concerns raised in the motion (which, for some reason, Queen opted not to take to the state appeals courts), the Court will endeavor to quickly provide a ruling on these motions to dismiss once Queen responds to the state's motion. (ECF No. 13.)

IT IS SO ORDERED.

Dated: March 27, 2025

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE