UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH QUEEN,<br><br>    Plaintiff,<br><br>v.<br><br>HELAL FARHAT, in his individual and official capacities, and STATE OF MICHIGAN,<br><br>    Defendants. | Case No. 25-10444<br>Honorable Laurie J. Michelson |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION [26]**

On April 22, 2025, the Court granted Defendants' motions to dismiss (ECF No. 17) and entered a judgment dismissing the case (ECF No. 18). The same day, Joseph Queen filed a notice of appeal and requested permission to appeal *in forma pauperis* (ECF No. 19), which the Court granted (ECF No. 21). The next day, Queen filed a motion to alter or amend the judgment. (ECF No. 22.) The Court denied the motion, finding that (1) it lacked jurisdiction to decide the motion because of the pending appeal and (2) even if it had jurisdiction, the motion was meritless. (ECF No. 23.) Queen filed a motion for reconsideration, pointing out that the Court did have jurisdiction to rule on his Rule 59(e) motion. (ECF No. 26.)

Queen is correct. "Although the filing of a notice of appeal generally divests the district court of jurisdiction, it does not prohibit all later action in a case by the district court." *Sanders v. Taskila*, No. 23-1218, 2023 U.S. App. LEXIS 7073, at *1 (6th Cir.

Mar. 23, 2023) (citing *Patterson v. Anderson*, 586 F. App'x 657, 662 (6th Cir. 2014)). A Rule 59(e) motion "suspend[s] the effectiveness of a notice of appeal" until the motion is resolved. *Id*. (citing Fed. R. App. 4(a)(4)(B)(i)). In other words, the transfer of jurisdiction to the appellate court is delayed until the Rule 59(e) motion is addressed. *See Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 716 (6th Cir. 2015). So this Court did retain jurisdiction over the motion despite the prior-filed notice of appeal. Accordingly, Queen's motion for reconsideration is GRANTED IN PART and the Court VACATES the portion of its opinion that concluded it lacked jurisdiction over the motion.

However, the Court's second finding still stands. Queen's motion to alter or amend the judgment (ECF No. 22) is meritless. The Court dismissed this case based on the doctrines of judicial and sovereign immunity. None of Queen's arguments show any error in the Court's ruling and his proposed amended allegations are likewise barred by judicial immunity. As the Court previously stated:

> A state judge issuing orders that Queen disagrees with or believes are improper, is *not* synonymous with the court lacking jurisdiction to enter them. Nor is this Court the court of appeals to the Wayne County Circuit Court family domestic division—the appropriate forum for an appeal of Judge Farhat's orders. The fact that Queen was seeking to amend his complaint to add new claims and new evidence of Judge Farhat's orders is not a basis to alter or amend the judgment where the defendants were dismissed on immunity grounds. It is an attempt to relitigate the issue of judicial immunity. *See Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) ("A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

(ECF No. 25, PageID.258–259.) The Court reiterates that holding here, and denies Queen's motion to alter or amend the judgment on the merits.

IT IS SO ORDERED.

Dated: April 25, 2025

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE