UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH QUEEN,<br><br>    Plaintiff,<br><br>v.<br><br>HELAL FARHAT, in his individual and official capacities, and STATE OF MICHIGAN,<br><br>    Defendants. | Case No. 25-10444<br>Honorable Laurie J. Michelson |

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO REOPEN CASE [33]**

Joseph Queen filed this *pro se* civil rights case regarding the adjudication of his child custody dispute in Wayne County Circuit Court. (ECF No. 1.) He sued the judge in that case, Helal Farhat, and the State of Michigan. (*Id.*) On April 22, 2025, the Court granted Defendants' motions to dismiss (ECF No. 17) and entered a judgment dismissing the case (ECF No. 18). Then Queen filed a notice of appeal and requested permission to appeal *in forma pauperis* (ECF No. 19), which the Court granted (ECF No. 21). The next day, Queen filed a motion to alter or amend the judgment, (ECF No. 22) which the Court ultimately denied (ECF No. 28.)

Now Queen has filed an "Emergency Motion to Reopen Case Under FED. R. CIV. P. 60(b)(4) AND (6) and for Limited Emergency Relief." (ECF No. 33.) For the reasons below, the motion is DENIED.

## I.

Since Queen filed what the Court deemed a notice of appeal (ECF No. 29), and the Sixth Circuit recently reinstated that appeal (ECF No. 32), this Court lacks jurisdiction to address his newly filed motion to reopen the case (ECF No. 33). *See, e.g., United States v. Carman*, 933 F.3d 614, 618 (6th Cir. 2019) (explaining that a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982))). As a general rule, "a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). This is true when the litigant asks the Court to consider a Federal Rule of Civil Procedure 60(b) motion after the appeal has been filed. *Id.* (deciding that "the district court did not have jurisdiction to rule on the Rule 60(b) motion after the [party] filed a notice of appeal.")

In sum, the Court lacks jurisdiction to consider Queen's motion.

## II.

Even if the Court did have jurisdiction, it would deny Queen's motion on the merits.

Post-judgment relief under Federal Rule of Civil Procedure 60(b)—the reopening of a case—is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000). Indeed, "the district court's discretion to vacate the judgment is

circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see Massi v. Walgreen Co.*, 337 F. App'x 542, 548 (6th Cir. 2009) (per curiam) ("To give [the plaintiff] a second opportunity to litigate these issues would destroy the near paramount interest our judicial system places on the 'finality of judgments and termination of litigation.'"). The party seeking Rule 60(b) relief "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

A motion under Rule 60(b) is "neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007). "The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001). "The purpose of a Rule 60(b) motion . . . is to permit a district court to reconsider its judgment when that judgment rests on a defective foundation." *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-01455, 2023 WL 10352931, at *1 (N.D. Ohio Oct. 18, 2023). So "[a] proper Rule 60(b) motion 'attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal [] proceedings.'" *U.S. ex rel. Oakes v. Cinnaire*, Nos. 20-1911, 20-1938, 2020 U.S. App. LEXIS 38037, at *3 (6th Cir. Dec. 4, 2020) (omission in original) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)). It "does not allow a defeated litigant a second chance to convince the court to

rule in his or her favor by presenting new explanations, legal theories, or proof." *Arsan v. Keller*, 784 F. App'x 900, 917 (6th Cir. 2019).

But Queen's motion seeks this second chance. His motion relitigates his earlier claims, arguing that there is a continuing pattern of "judicial bias, threats, and collusion." (ECF No. 33, PageID.284.) And his due process concerns all relate to the state case that he is challenging, not the entry of the judgment in this federal case. (*Id.* at PageID.281–285.) Further, the Court dismissed this case based on the doctrines of judicial and sovereign immunity. (ECF No. 17, PageID.158–163.) But his motion does not even mention those words let alone address the Court's conclusions.

Accordingly, Queen's motion for emergency relief (ECF No. 33) is DENIED.

IT IS SO ORDERED.

Dated: October 24, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
